UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ELSIE M. MAYARD,

Plaintiff,

v.

ANTHONY TALLARICO, CARLOS WONG,
DANIEL FREIERMUTH, CHAD SLAGTER,
THOMAS QUINLAN, JOHN
HARRINGTON, CITY OF ST. PAUL,
STATE OF MINNESOTA, and DOES 1-10,

Defendants.

Civil No. 13-661 (DWF/JJK)

**REPORT AND RECOMMENDATION**

---

Plaintiff has filed a complaint alleging that Defendants have violated her rights under the federal Constitution. (Docket No. 1.) She did not pay any filing fee for this case, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. The matter has been assigned to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I. BACKGROUND

Plaintiff is attempting to sue the City of St. Paul and several employees of the St. Paul Police Department. Plaintiff's claims stem from an encounter with some of the police officer Defendants on November 27, 2009.

This Court previously reviewed Plaintiff's complaint, and found that her claims in this case appear to be indistinguishable from the claims she brought in a previous lawsuit filed in this District – Mayard v. Tallarico, Civil No. 10-4742 (PAM/AJB), ("Mayard I").

That previous case was dismissed with prejudice, pursuant to a jury verdict in Defendants' favor on all of Plaintiff's claims. Plaintiff has filed an appeal in that case that is currently pending in the Eighth Circuit Court of Appeals.

Because of the substantial similarity between Mayard I and the current lawsuit, Plaintiff was ordered to show cause why this action would not be barred by the doctrine of res judicata. (See Order dated May 8, 2013; [Docket No. 3].) Plaintiff recently filed a response to that order to show cause. (Docket No. 4.) However, that response essentially confirms the Court's initial understanding of Plaintiff's complaint – namely, that the claims Plaintiff is attempting to bring in this case are the same as those brought in Mayard I. Nothing in Plaintiff's response to the order to show cause suggests that there is any material distinction between this case and Mayard I.

## II. DISCUSSION

The United States Supreme Court has explained that:

> "The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts.... [Citation omitted.] Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)] authorizes federal courts to dismiss a claim filed in forma pauperis 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."

Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Thus, an IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is found to be "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint is malicious, and therefore subject to summary dismissal pursuant to § 1915(e)(2)(B)(i), "if it is filed in bad faith to harass the named defendants, or if it presents abusive or repetitive claims." Neng Por Yang v. City of Shakopee, Civil No. 09-3216 (PAM/JJK), (D.Minn. 2009), (Magnuson, J., adopting Report and Recommendation of Keyes, M.J.), 2009 WL 5217017 at *4, citing Carter v. Schafer, 273 Fed.Appx. 581, 582 (8th Cir.2008) (unpublished opinion).

Here, the Court finds that Plaintiff's IFP application must be denied, and this action must be dismissed, pursuant to § 1915(e)(2)(B)(i), because Plaintiff's current lawsuit is both frivolous and malicious.

This action is frivolous, because Plaintiff has not shown any arguable basis in law or in fact for commencing a second lawsuit that seeks to present the same claims that were fully litigated (and decided by a jury) in Mayard I. The Court afforded Plaintiff an opportunity to show why this action is not barred by res judicata, and she failed to present any factual or legal grounds that could allow her to bring this second lawsuit.

This action also is malicious, because it clearly appears that Plaintiff's primary purpose in bringing this action is to harass the named Defendants. Those Defendants have already successfully defended themselves against Plaintiff's claims in Mayard I. Plaintiff is now attempting to harass the named Defendants by requiring them to defend

themselves again.

## III. CONCLUSION

For the reasons cited above, the Court finds that Plaintiff's present complaint is a malicious and frivolous pleading for purposes of 28 U.S.C. § 1915(e)(2)(B)(i). The Court will therefore recommend that Plaintiff's pending IFP application be denied, and that this action be dismissed, pursuant to that statute.

Finally, the Court notes that Plaintiff's current frivolous lawsuit is just the latest addition to an extensive catalog of dubious cases. During the past twenty years, Plaintiff has filed a host of baseless lawsuits in this District. The Clerk's records show that Plaintiff has repeatedly abused the federal court system.

Pro se litigants do, of course, have a right of access to the courts. That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive lawsuits. See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)). "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292. Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." Id. A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." Id. at 1292,

1293.

In light of Plaintiff's egregious litigation record, it may soon become necessary to impose some restrictions on her ability to file further actions in this District. Although this Court will not recommend that such restrictions be imposed at this time, Plaintiff is now forewarned that if she files more improper lawsuits in the future, she may lose her right of unfettered access to the federal court. If she files one more complaint that fails to present an actionable claim, she may be prohibited from ever filing any further pro se actions in this District without pre-authorization from a judge.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: May 16, 2013

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 31, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs

filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.